Good morning, Your Honors, and may it please the Court, Patricia Young representing Appellant Ha Van Nguyen. I will attempt to reserve two minutes of my time for rebuttal. Mr. Nguyen suffered a double jeopardy violation when, upon completion of his three-year sentence on a cocaine possession conviction, the trial court increased that sentence to 25 years to life. The government, of course, says that he didn't. If you take a look at it, he hadn't completely served his sentence, and so, therefore, if you cut through all this procedural underbrush, you get to the bottom line. There is no double jeopardy violation. Your answer to that is what? The government sets forth that argument on two grounds. One of them is that he hadn't served it because it's not counting his custody credits, and the government has set forth no laws showing why those custody credits should not have been counted. But the second argument is – Or parole. Exactly. Custody credits or parole. That's the second argument that the government sets forward is this parole issue. Now, again, in California, under California Penal Code Section 3000, the point of parole is reintegration into society. It is not punishment. And the double jeopardy clause protects against multiple punishments. And so in California, the period of parole is not considered part of that punishment. And you cite for that? California Penal Code Section 3000. Well, but there are more aspects to the – the entire sentence encompasses parole, and there are various different aspects of what's trying to be accomplished. One of which is punishment, deterrence, rehabilitation, reintegration. So why isn't parole part and parcel of that, notwithstanding the section that you cite? Well, again – That's not a – that's not the sole reason for parole. Well, according to California Penal Code Section 3000, the purpose of parole is reintegration. Now, I understand Your Honor's point that there may be separate considerations there. However, if you look at parole, parole is not always mandatory. And that's because one, parole can be waived by the parole authority. And again, because the parole authority oversees parole, it's not something that the sentencing court imposes, and therefore should not be considered part of the sentence. And at the very least, the issue that is presented today under prejudice is, is there a reasonable probability that he can succeed on this double jeopardy violation? But I – Have you read the recent Trevino case out of the Supreme Court? Yes, Your Honor.  What does that do for you in this case, if anything? The Trevino case, which expands upon Martinez, reinforces this idea that the absence of habeas counsel can constitute cause to overcome the procedural default. Now, the Supreme Court is not the only court to have recognized this. This Court specifically in Mormon v. Shiro found that the State court's failure to appoint State habeas counsel to raise ineffective assistance of appellate counsel claims constituted cause for the procedural default. So both Martinez and Trevino just reinforce this idea that the absence of counsel can constitute cause. Let me ask you this. And we scheduled this for 10 minutes, or rather the clerk's office does, and sometimes we don't override. It's possible that this argument may take more than 10, so don't worry that your time is running and then we're going to cut you off. Martinez and Trevino say that it is excuse for State court procedural default, that is to say there's cause that constitutes excuse, when the State habeas counsel, either the counsel or the absence of counsel, didn't raise an IAC claim for trial court IAC. It does not say it with respect to appellate IAC. Why or how should we expand that? Because I think it is an expansion of Martinez and Trevino. That's correct, Your Honor. And there's two points I'd like to make there. First, as this Court recognized in Manning, the Ninth Circuit, this Court, is not confined to considering previously recognized fact patterns for cause. But second, looking at the facts underlying Martinez and Trevino, the justification for the Court's ruling in those cases applied equally to IAC trial counsel claims as they do to IAC appellate counsel claims. And that's because both are constitutional violations. Both trial counsel and appellate counsel, effective trial counsel and appellate counsel, are tasked with preserving issues for Federal review. And undoubtedly, State habeas proceedings are the first opportunity to raise an IAC appellate counsel claim. Additionally, there's another issue here, another way that Mr. Wynn can show cause for the default that is separate from Martinez. And that is because State habeas counsel or, I'm sorry, State appellate counsel interfered with his access to State habeas proceedings. And in that respect, Manning v. Foster is directly on point. And in that case, this Court held that if an attorney is not authorized to act on a Petitioner's behalf in State habeas proceedings, then the attorney's actions interfering with access to State habeas proceedings cannot fairly be attributable to the Petitioner. And what's the interference? No. Here the interference is that Ms. Marshall sent a letter to Mr. Wynn stating, my representation of you has now come to an end. If you wish to proceed to Federal court, you must do so on your own. The forms are available in law libraries. You must file them in the District Court of California. Now, how is that interference? This letter implies that Federal habeas proceedings are the only available recourse, if not the next step in habeas proceedings. And they led Mr. Wynn to believe that Federal habeas proceedings were the way to go. And that's, in fact, what he did. But if you do that, that is to say if you're finding cause outside the Martinez-Trovino framework, you're stuck with cause and prejudice under Wainwright v. Sykes and Coleman. Is that correct? No, Your Honor. Coleman specifically deals with negligence on behalf of the State habeas attorney. Here, the problem is Ms. Manning was not his State habeas attorney. Therefore, she was not authorized to act on his behalf in State habeas. Let me back up and say this again. Prior to Martinez and then Trovino, the rule was if there was a State court procedural default, in order to excuse that default, the prisoner had to show both cause and prejudice. Is that right? Are you with me so far? Yes. And the prejudice determination, in terms of how much prejudice had to be shown, is articulated in both Wainwright v. Sykes and in Coleman. Is that correct? Are you with me so far? Yes, Your Honor. The prejudice standard under, I'll just say Coleman, is a very demanding standard. If we're under Martinez, the prejudice standard is that there must be a substantial claim which Martinez defines differently from the Coleman prejudice standard. Are you with me? Yes. So if you're saying, well, I don't need Martinez, well, that may or may not be true. But if it is true, I think you've got to satisfy the much more demanding prejudice standard of Coleman. Is that right? Your Honor, in Strickler v. Green, the Court interpreted the prejudice standard as a reasonable probability standard. And under Martinez, it's a substantial claim standard. You're talking Strickland now. No, no, no. Strickler. I apologize. Strickler. And so, therefore, under Martinez, you have to show a substantial showing of succeeding on your IAC appellate counsel claim. No, you don't. You need to show substantial. You need to satisfy the same standard as would be necessary for a COA, because Martinez cites Miller L. That does not require the probability of success. Your Honor, I'm sorry if I misspoke. I agree that you have to show substantial on the IAC appellate counsel claim was my point. I'm sorry. That's right. Now, the next one, if you get to the actual IAC, if you're not just trying to excuse the procedural default, then you're under Strickland and you've got to show the prejudice under Strickland, which is harder. Correct. And you may or may not be able to show that. Correct. Now, if the court finds that the answer to that is yes, he has shown cause for the default and then he needs to show prejudice from the underlying double jeopardy violation, not the IAC appellate counsel claim. So what are you asking us to do?     I'm finding you to find cause on one of two grounds, either under Manning v. Foster, because Ms. Marshall was not authorized to represent Mr. Wynn, therefore, her actions cannot fairly be attributable to him. And then the question becomes, did her actions interfere with his access to state habeas proceedings? Now, I would submit that the record shows that they did. But at the very least, if this Court has a question on that issue, it should follow what it did in Manning and remand it to the district court for a limited factual hearing to determine whether her actions, in fact, interfered with his access to state habeas proceedings. Alternatively, cause can be found under Martinez. And if we find cause under Martinez, then what? Then the next question becomes, if you find cause under Martinez, then you remand to the district court to see if there's a prejudice determination. Meaning that there was a substantial claim that was lost. Exactly. No, I don't know. You just lost me when you responded to Judge Scott that way. If we find cause under Martinez, that means we've already found that there's a substantial claim sufficient to excuse the procedural default. That's true, Your Honor. So then that would encompass the prejudice determination. With respect to the procedural default. But then the claim is, was there I see it by appellate counsel. Correct. And so would we then just be remanding for a determination as to whether or not there was appellate counsel, I see? Yes. Okay. And why, why, what would happen below then? Because it's appellate counsel. We have the full record already. There's no facts that will be developed. What would be accomplished by the remand for a determination of whether or not the So a remand for a, the facts would be outside the record on an ineffective assistance of counsel claim, or they need to be proved at least. They're alleged in the record, but they still need to be proved. And then the IAC appellate counsel claim would serve as cause and prejudice to excuse the double jeopardy claim. And then the double jeopardy claim would be, need to be considered on the merits. We've made all this very easy, haven't we? Yes. Why don't we hear from the state and then we'll give you a chance to respond. Thank you, Your Honor. Deputy Attorney General Matt Mulford on behalf of the warden. May it please the court. The main thrust of my argument would be that no one has discussed the Supreme Court decision in Edwards v. Carpenter, which states as a matter of law that a claim of appellate ineffective assistance of counsel must be exhausted and not procedurally defaulted in state court before it can serve as cause to excuse any other default. Right. And therefore, we look to Martinez and Trevino. I don't think Martinez gets you anywhere at all. I think Edwards is an independent bar to relief by itself, notwithstanding anything that Martinez and Trevino say. And is that, is your argument then based on a differentiation between trial counsel IAC and appellate counsel IAC? That's certainly part of it. I don't think it's limited to that. Well, in what respect is it not limited to that? Well, the California procedure has never followed the rule of Coleman v. Thompson that is, the exception was found in Martinez and then extended in Trevino. The case citation for that authority is in Ray Clark, which is the bar that was applied here, one of the bars that was applied here, at page 779 and 780. Now, the upshot for that is that California has always provided another opportunity for our state habeas petitioners to stack one ineffective assistance of counsel claim upon another. And that's the problem that's being identified in Remedy, especially Martinez, and then extended in Trevino. So I don't want to get rid of it. I'm sorry. So far I'm not understanding you. Okay. I think we have, and I think this is part of the premise of your argument, state court procedural default with respect to the IAC of appellate counsel. That's correct. That is to say it's not been exhausted, and in your view it's too late to go back and exhaust. Both things, yes. That is to say there was an attempt to do so, there was a stay in advance by the district court in order to allow that attempt. That attempt is rejected with a citation to Clark, which tells us that there's state court procedural default. Correct. Boom. All that. And Walker says that's a good bar. So the question is, is appellate counsel IAC the equivalent of trial counsel IAC with respect to the excuse that Trevino and Martinez give us? They are not. And your argument is that they are not. They are different species of claims. Yeah, but let me give you the argument that we just got from your adversary and ask you just to respond to it directly. The argument, as I understand it, is that because it's appellate counsel IAC, the first opportunity to raise that in the state court was on collateral review in state court. And further, effective assistance of counsel being a guaranteed right, the importance of appellate counsel is equal for purposes of the constitutional guarantee of effective counsel to trial counsel. Therefore, we're not going to differentiate between trial counsel IAC and appellate counsel IAC in the sense that one's more or less important than the other. Okay. Can you just respond to that? Yes. And that's ‑‑ I'm not disputing that. But our argument is distinct from that. So that is all true. It would be the first in time opportunity to do it. There is a suggestion, particularly after Trevino, that this exception may be broadening and it may include things like that, but we're not there today. Martinez is very explicit. Trevino is also very explicit that the danger we're worried about here with this type of expansion of that Coleman, old Coleman rule, is that trial lawyers will not do something that they should. We're talking about omissions and failures in the trial court. Those types of problems can't be remedied by non-lawyers. You need to know something about the law and the facts before you can do that on state habeas. And so now we're addressing whether you can appropriately do that in Arizona under their system, in Texas under their system. And Martinez and Trevino with your collateral habeas counsel. Appellate ineffective assistance of counsel is different because the petitioner can read the record and see that every objection that trial counsel made, and he was sitting right next to him or her when the objection was being made, and they can also look at the appellant's opening brief on direct appeal to see whether the arguments advanced by appointed appellate counsel are the same ones or different than or missing the ones that could have been made based on the record. And these are all fact-specific things that even an unrepresented inmate can figure out on his or her own. At that point, I think you just lost me. I've been struggling with the double jeopardy claim. And if I've been struggling with a double jeopardy claim, I suspect an unrepresented inmate may struggle. I respectfully disagree, because they're better educated than I am on that point. I please didn't. I did not mean to make that. I hope I did not imply that. I apologize if I did. My attempt to distinguish is that whatever unfairness that is attempted to be remedied by the double jeopardy clause in the Constitution will be sorely felt by the person who believes that he is being sentenced twice inappropriately. So Mr. Wynn, the day that there was a second sentencing hearing, if you really believe that that was unfair in a manner that might be addressed by double jeopardy, even if he doesn't know anything about double jeopardy, he knows that this is wrong. But his ineffective assistance of himself, as it were, that is to say he's not represented, turns out to be manifested by a mistake not just as to double jeopardy, but as to even worry out to file. So he doesn't even file in state court for a collateral review. There's lots of ways of being effective. One of them is don't even make the claim on state collateral review. Well, not yet, I respect. Again, Martinez says that there's no right to counsel. There's no need to have that. Martinez and Trevino, again, say that we are not requiring anybody to have a lawyer on state habeas corpus. Of course. And, again, Mr. Nguyen really hasn't made that claim in state court yet. So I'm going to come back to the Edwards v. Carpenter. If he really thinks that he has. Well, he's not making that claim now, the claim that he has a right to state habeas counsel. I think he is. No, he's not. He's saying that under Martinez and Trevino the procedural default is excused. That's what Martinez does. It gives you an excuse for the procedural default. Martinez is very careful to say we are not holding that there is a right to state habeas counsel. I agree. But Martinez says that in number 1234 of the reasons why it is finding an exception to Coleman. The second of those reasons deal with the fact, by the nature of the claim itself, it focuses on what trial counsel omitted from the record, which is, again, different than what appellate counsel can do based on things that are preserved in the record. So we don't get to, in my opinion, you don't get to number four of Martinez where we're talking about what is or is not cause to excuse a default by the failure or nonexistence of collateral or habeas counsel. Unless you're first talking about an omitted claim by trial counsel, that's just not what we have here. We have a different claim. One of the claims is a sentencing claim that was preserved. And we have different allegations as to who erred. In Martinez and in Trevino, it is allegations that one trial counsel erred and then collateral counsel erred. And here we've got an allegation that appellate counsel erred. This situation is controlled by Edwards v. Carpenter. Let me ask you a somewhat different question, and that is assume for a moment that the procedural default has been excused. I understand you're arguing that it is not, but assume for the purpose of the question that the procedural default has been excused. And that we or the district court is looking at the IAC claim of appellate counsel. So that's properly before the court. Yes. Is there any evidence outside the record that might be relevant to that determination, such as was there a strategic reason for appellate counsel to raise some claims and not this one? Or what's the actual calculation of good time, so as we might know for sure whether or not we were into the supervised release period? I mean, those are examples. Is there anything outside the trial record that would help us determine whether there was appellate counsel IAC? No facts have been alleged that I'm aware of that would support that. And I don't believe many facts could be alleged due to the nature of this sentencing or double jeopardy claim. And that's the major distinction between appellate IAC and trial IAC, and I think that's fundamental to this distinction between Mr. Wynn's case and Martinez and Trevino. But implicit in the claim of appellate ineffective assistance of counsel under Smith v. Robbins, the leading Supreme Court case about appellate IAC, is that it is the job of an appellate lawyer to make tactical decisions about which claims to bring and which claims to not bring. Do we know whether there was a tactical decision not to bring this claim? No, we don't. But the fact that two claims were raised that — Well, that doesn't necessarily — most of the time, well, many times, a lawyer is brought in, and the lawyers ask, why didn't you do this? And sometimes they say, beats the hell out of me. And other times they say, I had a tactical reason, and here's what it was. And then the courts say, well, that makes sense, so not a problem. And I think that may be what Judge Fletcher is getting at. Isn't this an opportunity to examine that fully? We should, because it's already defaulted. Okay, I understand that. There's no indication one way or the other in this record, and no allegations. So it would seem to me that ought to be developed if we get there. It seems far too late to ask, because those claims could have been raised to the California Supreme Court already. But let's get to the bottom line. Your argument is that if you sweep aside all of these weeds and you get to the double jeopardy claim, there's no there there. Correct. The other side says that's not right, because if you look at the California Penal Code, Section 3000, it's reintegration, and so all that's irrelevant. How do we know that there is no double jeopardy violation? In California, the sentencing procedures are always looking at the entire criminal history of the person and what needs to be done. And so to suggest that Mr. Wynn detrimentally relied on a sentence that was imposed in 2003, I believe, and then that he appealed and challenged and somehow was going to hold on to one portion of it is absolutely contrary to California law. He's not entitled just to appeal one particular part of the sentence. When he did appeal it and the California Court of Appeals said your argument is correct and sent it back, his sentence then evaporated. There was nothing more to serve. And so when they go back, they are starting from scratch, and that's how California does it every time. But isn't the question on double jeopardy whether he had fully served his term on count one at the point that the sentence was vacated? Right. I can't see how he could have. How he could have. The filing of the notice of appeal. How he could have fully served. Correct. Say why, because your adversary says that's wrong. When he asked to take the appeal, his sentence was no longer firm and capable of preventing anything from future happening. And this is part of my problem. I don't know when the double jeopardy claim begins on sentence. We don't think it applies at all. But if it does, is it the day he's initially sentenced and starts to run? Is it the day he files his notice of appeal? Is it the day he files his brief on appeal saying, you know, undo my sentence? Is it the day the California Court of Appeal agrees that there is an error with another part of the sentence and sends it back? In our opinion, at least that day he is no longer serving a sentence because the California Court of Appeal has taken away jurisdiction, it has removed the sentence, and it has sent it back for more. No, wait. Hold on a second. You're losing me. He's no longer serving his sentence? He's in custody. Why don't they let him out? Well, he's in custody and he's been convicted, but he hasn't been sentenced. That's just not resonating with me. California is a different criminal justice system. We sentence people differently. Sure he's serving his sentence. It's accruing time against the sentence eventually. And the Supreme Court in North Carolina v. Pierce says we need to credit him the time that he is serving, but there's nothing. And it worked when we did that. And so that defeats the double jeopardy problem, in our opinion. Let me frame the question this way. Sure. At the moment that the sentence was vacated, had he fully served the sentence on count one? I've never counted and I don't know the answer. I don't think he did, but I don't know. I thought you counted it in your brief. Yeah. I don't know the answer today. I'm sorry. I apologize. What they're doing in their brief is adding good time credit and the time served and saying it was more than three years. What you were doing in your brief is saying you don't add in the good time credit. He had not served it, and not only that, he hadn't served any time of supervised release, which is part of the sentence. Your view of that is different than your adversary's. That's not really incarceration. It's not punishment. I'm not sure that that's right, but that's their position. So can you re-articulate yours? Or if you'd rather not because you don't have the calculations, I understand. I don't have the calculations, and I guess I want to come back to the point that the good time credit calculation is always dependent on the day that it is calculated because it is based on an accumulation of days. I understand that. It's backward. It looks backward. Right. And so our fundamental point is that you never do that unless you're in court and someone is telling you. You can go to a parole board, and they will calculate it all and figure it out. You can go to a sentencing judge if you've committed something new. Again, we look at everything again and start all over. And so that ephemeral way of finding a date undercuts the entire double jeopardy argument. Is it fair to summarize what you just said by saying there's a factual uncertainty then as to what good time credit he did or didn't have? I don't think so. Okay. What were you saying then? I'm saying the calculation never is conducted under the way that they are saying that we can know precisely on this date how much time he had left to serve on the sentence that he was given on such and such a date. That, I think, is mistaken in its legal premise. What does People v. O'Valley hold? I'm not familiar with that, Your Honor. I'm sorry. Okay. It's in your brief. People which one? O'Valley, O-V-A-L-L-E, 51 Pacific 3rd, 1073. I have no mecca. I'm sorry, Your Honor. That's a Colorado court. What is United States v. Arianna Rios? Yes. That is a Colorado case that says under Colorado law there's no double jeopardy problem when there's a parole sentence that remains to be. But Arianna Rios says there is a double jeopardy problem. Correct. But I think Arianna Rios has been undercut by Radmel. And California is a whole lot more like the federal system where you're trying to figure out the mandatory guidelines. All the things are put in there. When you take one piece away, you still have to recalculate everything. California is much more like that. Radmel? That's been undercut by Radmel? So you have an internal circuit split? I think so, yes. Arianna Rios and Radmel? Those two cases are factually distinguished in time. One is an older pre-mandatory sentencing guideline case where this court suggested that two independent convictions could carry finalized sentences. The second one, Radmel, says that an appeal of one doesn't fix everything. And the district court has discretion to start all over again at the beginning, no matter what was appealed and what was reversed. And California, in our opinion, is much more like that. It struck me that if we follow Arianna Rios on the double jeopardy thing, we don't care whether he served a period of parole or not. That may be correct. Okay. Let me ask you this. The magistrate judge grants stay in abeyance in order to allow Mr. Nguyen to go back to state court to try to exhaust, which, as we know, didn't work out. But in doing that, the magistrate judge evaluated the double jeopardy clause to see whether it was of sufficient merit, not that it was going to be a winner, but that it was of sufficient merit to warrant stay in abeyance. And in the view of the magistrate judge, it was a stronger claim than either of the two claims that had been made by appellate counsel, either the Romero claim or I forget what the other one was, the due process claim. Do you disagree with the magistrate judge? It's a matter of state law, yes, certainly. Well, the double jeopardy is not a matter of state law. That's a federal claim. Correct. These are all federal claims. I'm aware of that. I don't believe any California court would have looked twice at the double jeopardy argument due to the way California structures its sentencing system, for the reasons I've been trying to articulate. I'm not sure whether it matters whether the California courts would look twice. The question is whether or not a federal court would look twice and whether there is a sufficiently plausible federal claim to merit the stay in abeyance, which is what the magistrate judge did. And then you can probably see where my question is heading. If we were to agree with the magistrate judge's assessment as to the potential validity, the plausibility, I'll say it that way, of the double jeopardy claim, does that satisfy the Miller L. standard of substantial claim articulated in Martinez? It may. But I think looking at what was presented in federal court in the light of allegations of ineffective assistance of appellate counsel who has been appointed to represent someone in state court is undercutting the value of an appellate state specialist who knows that the best opportunity to get relief for her client is to convince not a panel of Ninth Circuit judges, such as yourselves, but a panel of state court appellate judges, and who can tailor an argument to make the best argument for them at the time without too much regard as to what happens many, many years later. That's the advocacy question, and that's different. Thank you. We took you well over time. Let's put two minutes on the clock and see what happens. Thank you, Your Honors. To quickly address a point, the petition, the federal petition, does allege that it was not a tactical decision for the appellate attorney to not bring this claim on direct appeal. And the reasons for that are, one, it would have required de novo review as a constitutional question, whereas the Romero question was a more deferential standard to the trial court. And, two, even the Eighth Amendment claim that was raised on appeal, the cruel and unusual punishment claim, although that also requires de novo review, it does require an assessment of his criminal history, Mr. Wynn's criminal history. So, therefore, the double jeopardy claim would not have had to look at that and would have been a stronger claim to present. And that's the allegation, that it was not a tactical decision. I'd like to specifically point out that United States v. Adriano Rios does draw a lot of parallels to this case. There, there were three convictions and one was overturned. And this Court held that Mr. Rios, Mr. Adriano Rios, could not be resentenced on the fully served legal sentence because it would violate double jeopardy. And that's precisely what we have here. Neither the State nor Mr. Wynn appealed either the sentence or conviction on count one, the cocaine possession. That was a legal sentence and it was fully served. Therefore, the Court was without authority to then increase the sentence. And unless the panel has any further questions, I'll rest. Thank you very much. Thank you very much. As you can tell, it's a tricky case through no fault of your own. This is all Martinez-Trevino difficulties imposed by the Supreme Court. Lynn v. Curry now submitted for decision. The next case on the argument calendar, Becerra v. Enterprise Rent-A-Car. Becerra. Becerra.
judges: Stein, Trott, Fletcher